AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

4/4/2025

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 3:25-mj-00169 |
| DAVONTAE D. HALL | ) | |
| | ) | |
| | ) | |

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 31, 2025_____ in the county of _____Montgomery_____ in the _____Southern_____ District of _____Ohio_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Possession of a firearm by a convicted felon. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Frederick D. Zollers*
*Complainant's signature*

TFO, Frederick D. Zollers FBI
*Printed name and title*

Sworn to before me and signed in my presence via telephone.

Date: ____4/4/25____

City and state: _____DAYTON, OHIO_____

Peter B. Silvain, Jr.
United States Magistrate Judge

**AFFIDAVIT**

I, Frederick D. Zollers, being duly sworn, does hereby depose and state as follows:

**INTRODUCTION**

1.    I am a sworn law enforcement officer in the State of Ohio and have been for over seventeen (17) years. I am presently a sworn member of the Montgomery County Sheriff's Office ("MCSO"). I am currently assigned to the Federal Bureau of Investigation ("FBI") Southern Ohio Safe Streets Task Force ("SOSSTF") as a Task Force Officer ("TFO"). I have received training in drug trafficking and firearms investigations and have participated in numerous investigations (ultimately leading to successful prosecutions) that involved surveillance, gathering evidence of money laundering, interviewing suspected drug and firearms traffickers, and supervising the activities of informants who provided information and assistance which resulted in the seizure of narcotics, firearms, and U.S. currency. I have conducted numerous investigations into the unlawful distribution and possession of controlled substances and use and possession of firearms. Based on my training and experience, I am aware the possession of a firearm or ammunition by a convicted felon is a violation of Title 18, United States Code § 922(g)(1).

**PURPOSE OF AFFIDAVIT**

2.    I submit this Affidavit in support of a criminal complaint and issuance of an arrest warrant against Davontae D. Hall ( "**HALL**") for violation of Title 18, U.S.C. § 922(g)(1), being a "felon in possession of a firearm."

3.    Along with other law enforcement agents, I have participated in the investigation of **HALL** in connection with the conduct detailed in this Affidavit. As part of the investigation, I have, among other things, discussed information with, and/or reviewed documentation and reports provided by, other law enforcement officers. My knowledge of the facts and circumstances set forth in this Affidavit is thus based upon my own personal observations, as well as information I have received from other officers involved in the investigation. For purposes of this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have indirect knowledge.

4.    This Affidavit does not include all the factual details of this investigation, but rather only certain information sufficient to establish probable cause to believe that **HALL** has committed a violation of Title 18, U.S.C. § 922(g)(1).

**SUMMARY OF PROBABLE CAUSE**

5.    On Monday, March 31, 2025, Montgomery County Sheriff's Office deputies were dispatched to 3640 Yellowstone Avenue, Dayton, Southern District of Ohio, in response to a domestic violence complaint. Deputy O'Brien arrived on scene and observed a male, later identified as Davontae **HALL** (hereinafter **HALL**), seated in the driver's seat of a Chevrolet sedan backed into the driveway of the residence. Deputy Landrum responded to assist and remained with **HALL** while Deputy O'Brien spoke with the complainant

1

(hereinafter identified as A.C.).

6.    Deputy O'Brien spoke with A.C. and learned A.C. and **HALL** have a child in common. A.C. reported **HALL** threatened her. After speaking with A.C., Deputy O'Brien exited the residence to place **HALL** under arrest for domestic violence threats (O.R.C. 2919.25(c)).

7.    Deputy O'Brien ordered **HALL** to exit the Chevrolet sedan. **HALL** asked if he was going to jail. **HALL** exited the Chevrolet and attempted to flee from law enforcement on foot. Law enforcement pursued **HAL** as he ran a short distance down the sidewalk. Deputy O'Brien successfully deployed his Taser, causing **HALL** to fall to the ground. While law enforcement secured **HALL** in handcuffs, he attempted to reach toward his abdomen. **HALL** also advised the deputies he had a gun.

8.    After **HALL** was secured in handcuffs and placed under arrest, Deputy O'Brien removed a loaded .45 caliber black semi-automatic Glock model 30 handgun, serial number CFM862, from inside the front pocket of **HALL's** hooded sweatshirt.

9.    Law enforcement located three additional magazines and ammunition in the Chevrolet. Special Agent (SA) Chris Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has training and experience in determining the place of manufacture for firearms and ammunition, advised the Glock model 30 handgun was manufactured outside the state of Ohio; thus, it moved in interstate commerce.

10.    I conducted a criminal records check for **HALL**. He is a prohibited person and is on supervised release with the U.S. Probation Department for a firearms conviction. Specifically, on or about April 14, 2021, **HALL** was convicted of being a felon in possession of a firearm in the Southern District of Ohio, Case Number 3:20-CR-114, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). **HALL** was sentenced to and served a 36-month term of imprisonment. Given the length of this sentence, **HALL** knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year. **HALL** has additional felony convictions (each punishable by a term of imprisonment greater than one year) including, but not limited to: Montgomery County Common Pleas Court case no. 2012CR03813, F4 assault of a police officer, and Montgomery County Common Pleas Court case no. 2014CR01561, F3 having weapons while under disability (prior drug conviction/prior offense of violence) and F4 carrying concealed weapons (loaded/ready at hand).

11.    Based on the facts set forth in this Affidavit, there is probable cause to believe that, on or about March 31, 2025, in the Southern District of Ohio, **HALL** committed a violation of Title 18, U.S.C. § 922(g)(1).

Further your Affiant sayeth naught.

Frederick D. Zollers, Task Force Officer
Federal Bureau of Investigation
Southern Ohio Safe Streets Task Force

Subscribed and sworn to before me this 4th day of April, 2025.

Peter B. Silvain, Jr.
United States Magistrate Judge